Filed 9/19/25  Aguila v. Shabani CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HENRY AGUILA, | B338623 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21NWCV00144) |
| v. | |
| JOSEPH SHABANI, et al., | |
| Defendants and Respondents. | |

APPEAL from judgment of the Superior Court of the County of Los Angeles, Lee W. Tsao, Judge.  Affirmed.

Skapik Law Group, Mark J. Skapik and Blair Jeffrey Berkley, for Plaintiff and Appellant.

Law Offices of Barak Isaacs and Barak Isaacs for Defendants and Respondents.

The dispositive question in this appeal is whether plaintiff and appellant Henry Aguila has standing to enforce a 2006 reciprocal easement agreement (the Agreement) entered into by Pico Rivera Plaza Co., LP (Plaza) and Thee Aguila, Inc., (TAI) when they owned adjacent commercial properties. We conclude he does not. Aguila failed to demonstrate he acquired a right to enforce the Agreement, and the trial court did not err in granting summary judgment against him. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Factual Background**

Plaza owned a property in Pico Rivera on which a shopping center operated, and TAI owned a neighboring property (the Property) on which a nightclub operated. Aguila was the sole shareholder of TAI. In 2006, Plaza and TAI entered into the Agreement, which provided that the properties would be held, leased, sold, and conveyed subject to an easement and certain restrictions, covenants, and conditions.

TAI defaulted on a loan that was secured by a deed of trust on the Property, and in July 2017, the lender, Pico Rivera First Mortgage Investors, LP (First Mortgage) initiated foreclosure proceedings. On December 6, 2017, a trustee's sale was conducted, and First Mortgage took title to the Property by a trustee's deed upon sale.

In 2019, First Mortgage sold the Property to Mercury Bowl, LLC (Mercury Bowl) and Green Rivera, LLC (Green Rivera). After obtaining a demolition permit, Mercury Bowl and Green Rivera demolished a structure on the Property in July 2020.

2

**B.    The Operative Second Amended Complaint**

Aguila filed this action in March 2021.  His operative second amended complaint asserted four causes of action: intentional interference with prospective economic advantage (IIPA), negligence, intentional infliction of emotional distress (IIED), and breach of contract.  The trial court sustained the demurrers of defendants and respondents Green Rivera, Mercury Bowl, Optimus Properties, LLC (Optimus), Joseph Shabani, and Kamyar Shabani (collectively, defendants) to the IIPA and IIED claims without leave to amend[1] and overruled demurrers to the negligence and breach of contract claims.

The operative pleading contained the following allegations.

According to Aguila, the 2017 trustee's sale violated the automatic stay triggered by the bankruptcy of a junior lienholder, Guinevere M. Malley, an attorney who had represented TAI.  The day after the sale, Aguila told First Mortgage that he thought the sale was void and it needed to clear the title to the Property. Aguila and First Mortgage allegedly reached an agreement concerning "payment of the first deed of trust," and Aguila continued building a structure on the Property.  Subsequently, disputes arose between Aguila, First Mortgage, and unidentified brokers, which resulted in litigation.  TAI filed a lawsuit in Norwalk, and First Mortgage filed a case against Aguila in Santa Barbara.

First Mortgage listed the Property for sale while the lawsuits were pending.  In 2019, Aguila alleged, escrow was opened for the sale of the Property to Green Rivera, Optimus, and

---

[1]    This order is not challenged on appeal.

3

Mercury Bowl. Aguila learned of the completed sale in February 2020.

Aguila alleged that on June 1, 2020, he and TAI executed a 50-year lease of the Property, and under section 10.5(b) of the Agreement, he became bound by the Agreement's terms. Aguila demanded that defendants clear title to the Property, but they went forward with demolition work. This conduct, he alleged, violated the automatic stay triggered by the Malley bankruptcy.

Aguila alleged that defendants "acquired their interest in the shopping center subject to the [Agreement]." In support of his breach of contract cause of action, he alleged that defendants had an obligation "not to [do] anything that would frustrate the intent of the [Agreement] which was to facilitate the operation of a nightclub on the PROPERTY," and they "fail[ed] to perform their contractual obligation." Defendants' conduct allegedly caused Aguila to sustain at least $50 million in damages.

## C.  Grant of Summary Judgment

Defendants moved for summary judgment, or in the alternative, summary adjudication of the breach of contract and negligence causes of action. Relevant to this appeal, defendants argued that Aguila lacked standing to pursue these claims. They presented undisputed evidence that the Plaza and TAI were the only parties to the Agreement and that First Mortgage acquired title to the Property at the 2017 trustee's sale.

In his opposition, Aguila argued that triable issues of material fact existed as to his standing. First, he argued that the leasehold interest he acquired from TAI in 2020 gave him the right to enforce the Agreement pursuant to the Agreement's

4

section 10.5(b).[2]  Second, he argued that the sale of the Property to defendants violated a bankruptcy stay, and they purchased the Property with knowledge of ownership issues and ongoing litigation.

The trial court granted summary judgment for defendants. It found that Aguila lacked standing to enforce the Agreement. He was not a contracting party, and he had not acquired a leasehold interest because TAI "defaulted on its loan and the lender foreclosed on the Property in 2017, three years before [Aguila] claims he entered into a 50-year lease with TAI." Because TAI was "incapable of providing lease rights to [Aguila] in 2020, the lease could not bind [Aguila] to the terms of the [Agreement]."  The trial court also rejected Aguila's effort to challenge the validity of the trustee's sale based on the violation of a bankruptcy stay because "this argument has already been rejected by the Court of Appeal.  (Aguila v. Pico Rivera First Mortgage Investors, L.P., 2d Civ. No. B323391 [Citation])."

Aguila filed a motion for reconsideration, which was denied.  Judgment was entered for defendants.

Aguila appeals from the judgment.

## DISCUSSION

In this appeal, Aguila does not challenge the summary judgment ruling as to the negligence cause of action, so our focus is on the breach of contract cause of action.  Aguila argues that a

---

[2]  Aguila cited the portion of section 10.5(b) that provides:  "Any person acquiring . . . leasehold title to any Parcel shall be bound by this [Agreement] only as to such Parcel acquired by such person. . . ."

triable issue of material fact existed as to his standing.[3]  First, he argues that he acquired an option to purchase the Property before the trustee's sale, which gave him enforceable rights under section 1.7(c) of the Agreement.  Second, he argues that he has standing to enforce the Agreement by virtue of the leasehold interest he supposedly acquired in 2020.

## A.     Governing Law – Summary Judgment

A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense.  (*Id.*, subd. (p)(2).)  If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact.  (*Ibid.*)  A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent.  (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)

---

[3]     He also argues that there were triable issues regarding defendants' breach of the Agreement, but because we conclude that Aguila lacks standing, *infra*, it is unnecessary for us to reach these contentions.

6

**B.     Aguila Lacks Standing to Enforce the Agreement**

"It is elementary that a party asserting a claim must have standing to do so.  In asserting a claim based upon a contract, this generally requires the party to be a signatory to the contract, or to be an intended third party beneficiary."  (*Berclain America Latina v. Baan Co.* (1999) 74 Cal.App.4th 401, 405; Code Civ. Proc., § 367 ["Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."].)  "'[S]omeone who is not a party to [a] contract has no standing to enforce the contract . . . .' [Citation.]"  (*Gantman v. United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566.)

Here, it was undisputed that the parties to the Agreement were Plaza and TAI, and Aguila does not contend he was an intended third party beneficiary.  Thus, defendants made a prima facie showing of a complete defense—Aguila's lack of standing to enforce the Agreement—and it was his burden to present admissible evidence to show a triable issue of material fact.  (Code Civ. Proc., § 437c, subd. (c).)

 

1.     *Standing Based on a Purchase Option*

Aguila primarily contends he should be deemed a party to the Agreement with standing to enforce it because he had a valid option to purchase the Property.  Aguila argues that, after foreclosure proceedings were initiated in August 2017, he entered into an oral agreement with First Mortgage pursuant to which he received "an option to purchase the Property for the amount owed to [First Mortgage] on the loan or to arrange for the sale of the Property" before it was sold to someone else.  This, he argues, was an "an interest in the Property that the [Agreement] seeks to protect" under section 1.7(c) of the Agreement.

Respondents contend that Aguila forfeited this argument by failing to raise it below. We agree. In his opposition to the summary judgment motion, Aguila devoted a single paragraph to showing a triable issue of fact regarding his standing, and it contained no mention of a purchase option or section 1.7(c) of the Agreement. Ordinarily, the failure to preserve a point below constitutes a forfeiture of the point, and this rule "applies to summary judgment appeals." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 698–699.) We will not consider an argument based on a purported purchase option for the first time on appeal.

Forfeiture notwithstanding, Aguila's attempt to rely on a purchase option fails for other reasons. An option was nowhere mentioned in the operative second amended complaint. "The pleadings delimit the scope of the issues on a summary judgment motion. [Citation.] A party may not oppose a summary judgment motion based on a claim, theory, or defense that is not alleged in the pleadings. [Citation.] Evidence offered on an unpleaded claim, theory, or defense is irrelevant because it is outside the scope of the pleadings. [Citation.]" (*California Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 637, fn. 3 (*California Bank*).) Because a purchase option was outside of the scope of the operative pleading, it was irrelevant.

Aguila's argument also fails because he presented no admissible evidence of an option agreement. Though Aguila described the purported option in paragraph nine of his declaration, the trial court sustained defendants' evidentiary objection to this paragraph. Aguila has not challenged this ruling on appeal. Thus, there is no admissible evidence of the purported option to create a triable issue concerning Aguila's standing. (See

8

*California Bank, supra,* 222 Cal.App.4th at p. 637 [opposing party's "failure to challenge the trial court's evidentiary rulings provides an adequate and independent ground for affirming the trial court's decision granting" summary judgment]; *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1035 [we review order granting summary judgment based on all evidence in the moving and opposing papers except evidence to which objections were sustained].)

2.      *Standing Based on the Purported 2020 Lease*

The trial court found that the purported 2020 lease did not raise a triable issue of fact as to Aguila's standing because TAI, having lost its title to the Property in 2017, had no power to convey a leasehold interest three years later. Aguila does not direct us to admissible evidence in the record that contradicts the trial court's finding. As Aguila does not show that there is a material issue of fact, he does not show that the trial court erred in deciding the summary judgment against him.

Instead, he argues that this appeal should be stayed so that the issue of TAI's ownership of the Property can be revisited in yet another appeal, *Thee Aguila, Inc. v. Blackwood* (Los Angeles Superior Court Case No. 19NWCV00417 (*Blackwood*).[4] In that case, Aguila says, Mercury Bowl and Green Rivera obtained summary judgment on their cross-claims for quiet title and

_____

[4]      The Property has been and is the subject of multiple appeals. This includes, without limitation, this case, *Blackwood*, and the appeal cited by the trial court, *Aguila v. Pico Rivera First Mortgage Investors, L.P.* (Oct. 16, 2023, B323391) [nonpub. opn.], in which Aguila claimed he could succeed in a quiet title action based on the violation of a bankruptcy stay. (*Id.* at p. 13.) Our colleagues in Division Six called his claim "pure fantasy." (*Ibid.*)

9

declaratory relief concerning the Property. Aguila argues, "[I]f the pending appeal . . . finds that TAI did own the Property on June 1, 2020, then Aguila will have standing pursuant to his 50 year lease." Aguila has also filed a motion requesting that we stay this appeal pending the disposition of the *Blackwood* appeal.[5] Aguila's argument and motion are unpersuasive.

Aguila cites no authority that suggests a nonmoving party may satisfy its burden on summary judgment by discussing a hoped-for outcome in another case. To the contrary, "'[a] party cannot avoid summary judgment based on mere speculation and conjecture [citation], but instead must produce admissible evidence raising a triable issue of fact. [Citation.]' [Citation.]" (*Pacific Gas & Electric Co. v. City of Oakland* (2002) 103 Cal.App.4th 364, 371.) To avoid summary judgment, it was incumbent on Aguila to present evidence of TAI's alleged retention of its title to the Property after the trustee's sale. He failed to do so. Consequently, he did not raise a triable issue as to TAI's power to convey a leasehold interest in 2020, and he does not show good cause for staying this appeal.

---

[5] Aguila requests judicial notice of various Superior Court filings in this case and in *Blackwood*. We grant the request as to Exhibit 6, a notice of ruling regarding Mercury Bowl's and Green Rivera's motion for summary judgment on their cross-complaint in *Blackwood*, which attaches a copy of the court's October 17, 2024 order. (Evid. Code, § 452, subd. (d).) We deny the request in all other respects. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 [declining to take judicial notice of materials not "necessary, helpful, or relevant"].) We deny defendants' request for judicial notice for the same reason.

## DISPOSITION

The motion to stay this appeal is denied.  The judgment is affirmed.  Defendants are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

**VAN ROOYEN, J.

---

** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.